UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**REGIANE CICCIONE,**

    Plaintiff,

v.                                                        Civil Action No.

**TOTAL GLOBAL SERVICES, INC., and
RAQUEL HAZEL,**

    Defendants.

**COMPLAINT**

Plaintiff Regiane Ciccione ("Ciccione") by her undersigned attorney alleges for her Complaint against Defendants Total Global Services, Inc., and Raquel Hazel the following:

PARTIES

1. Plaintiff Regiane Ciccione ("Ciccione"), is an individual who resides in Florida.

2. Upon information and belief, Defendant Total Global Services, Inc., is a company organized and existing under the laws of the state of Massachusetts with an address of 1 Park Lane, Unit 2012, Boston, Massachusetts 02210.

3. Upon information and belief, Defendant Raquel Hazel is an individual who resides in Massachusetts.

4. Upon information and belief, Defendants conduct business in interstate commerce in the United States and in this District, the claims alleged herein arise from Defendants' acts or omissions in the United States and in this District, Defendants have purposefully directed their

activities to residents in the United States and in this District, and Defendants' acts or omissions have damaged Ciccione and her property in the United States and in this District.

## JURISDICTION

5. The First and Second Claims for Relief arise under the Lanham Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. This Court has jurisdiction over these Claims for Relief pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

6. The Third, Fourth, and Fifth Claims for Relief arise under Massachusetts statutory or common law. This Court has jurisdiction over these Claims for Relief under 28 U.S.C. § 1338(b) as these claims are joined with substantial and related claims brought under the laws of the United States (15 U.S.C. §§ 1051 et seq.). This Court also has jurisdiction over the state-law claims under the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367, because the federal and state claims are based on the same operative facts, and judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises jurisdiction over the state-law claims.

## VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the acts complained of occurred and are occurring in this District, and have caused damage to Ciccione in this District, and Defendants have purposefully directed their activities to residents in this District.

## SUMMARY OF THE CLAIMS

8. Defendants have, among other things, willfully and in bad faith and without the authorization, license, or consent of Ciccione: (i) infringed Ciccione's rights in her service mark TOTAL HELP; (ii) misled consumers, purchasers and the trade into believing that Defendants' services are associated with Ciccione or otherwise caused confusion among consumers, purchasers

and the trade as between Defendants and/or their services and Ciccione and/or her services. Unless enjoined, the Defendants will continue to cause such irreparable harm to Ciccione.

## FACTUAL BACKGROUND
### Ciccione's Business and Marks

9. Ciccione offers and sells attorney and medical referral services offered under the service mark TOTAL HELP.

10. Ciccione's TOTAL HELP service mark ("TOTAL HELP Mark") has been used in connection with attorney and medical referral services since at least as early as 2001. In connection with such use, Ciccione has made substantial expenditures of time, effort and resources in further developing, marketing and promoting her services and the TOTAL HELP Mark. Indeed, Ciccione has provided services to hundreds of individuals, and has made referrals to many attorneys and medical service providers throughout the United States and in this District.

11. Ciccione owns common law and federally registered trademark rights in the TOTAL HELP Mark, including U.S. Registration No. 3,152,933 that covers "attorney and medical referral services for others."

12. Upon information and belief, Defendants offer, advertise, promote, market, distribute, and/or sell attorney and medical referral services in the United States and this District. These services are offered under the name Total Global Help, and include services which compete directly with Ciccione's services offered under the TOTAL HELP Mark.

13. The Defendants have and are currently engaged in a pattern of activities designed to trade on the strong goodwill associated with Ciccione and her TOTAL HELP Mark and her business by willfully and unlawfully using the TOTAL HELP Mark, and to unfairly compete with Ciccione by engaging in acts of trademark infringement and false advertising regarding the TOTAL HELP Mark.

14. On January 28, 2009, counsel for Ciccione sent a letter notifying Defendants of Ciccione's concerns regarding the Defendants' infringement of the TOTAL HELP Mark and demanded that Defendants cease the unauthorized use of the name Total Global Help and marks or names confusingly similar to the TOTAL HELP Mark. The Defendants did not respond to the letter, and have continued their use of the business name Total Global Help.

15. Defendants committed the actions described herein in bad faith and with the intent to improperly trade on the goodwill associated with Ciccione and the TOTAL HELP Mark, and to unfairly compete with Ciccione.

FIRST CLAIM FOR RELIEF
Infringement of Federally Registered Trademark
15 U.S.C. § 1114(1)

16. Ciccione incorporates paragraphs 1 through 15 of her Complaint as if fully set forth herein.

17. Ciccione, as the owner of all right, title, and interest in and to U.S. Registration No. 3,152,933 for the TOTAL HELP Mark, has standing to maintain an action for trademark infringement under the Federal Trademark Statute, Lanham Act § 32(1) (15 U.S.C. § 1114(1)).

18. Defendant, without Ciccione's consent, has used a reproduction, counterfeit, copy, and/or colorable imitation of the TOTAL HELP Mark in commerce on or in connection with the sale, offering for sale, distribution, and/or advertising of services, and such use is likely to cause confusion, or to cause mistake, and/or to deceive consumers, purchasers, and/or potential purchasers.

19. Defendant, without Ciccione's consent, has reproduced, counterfeited, copied, and/or colorably imitated the TOTAL HELP Mark and has applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements

used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of services, and such use is likely to cause confusion, or to cause mistake, and/or to deceive consumers, purchasers and/or potential purchasers.

20. Defendants' acts have been committed with knowledge of Ciccione's exclusive rights and goodwill in the TOTAL HELP Mark, as well as with bad faith and the intent to cause confusion, or to cause mistake, and/or to deceive consumers, purchasers and/or potential purchasers.

21. As a result of Defendants' willful trademark infringement, Ciccione has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to her rights in and to the TOTAL HELP Mark and the goodwill associated therewith, for which she has no adequate remedy at law.

22. Due to the acts of Defendants, Ciccione has suffered and will continue to suffer losses, including loss of business opportunities, and, if not enjoined, Defendant will have derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts of infringement.

23. As the acts alleged herein constitute infringement of the TOTAL HELP Mark under 15 U.S.C. § 1114(1), and, as Ciccione has no adequate remedy at law, Ciccione is entitled to injunctive relief, as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and 1118, including treble damages, a reasonable attorney's fee, and prejudgment interest pursuant to 15 U.S.C. § 1117(b).

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition
### 15 U.S.C. § 1125(a)(1)(A)

24. Ciccione incorporates paragraphs 1 through 15 of her Complaint as if fully set forth herein.

25. Defendants' use of the TOTAL HELP Mark in connection with their advertising is likely to cause confusion, or to cause mistake, or to deceive the public and the trade as to the affiliation, connection or association of Defendants and/or their services with Ciccione and/or her services. Upon information and belief, Ciccione alleges that each of Defendants' acts as set forth herein constitute unfair competition.

26. Ciccione, upon information and belief, alleges that Defendants' acts have been committed willfully and in bad faith and with the intent to cause confusion, and to mislead, and/or to deceive.

27. Ciccione has suffered and, if Defendant is not enjoined from its wrongful acts, Ciccione will continue to suffer substantial and irreparable injury, loss, and damage for which she has no adequate remedy at law.

28. As a result of the wrongful acts of Defendant as alleged herein, Ciccione has suffered and will continue to suffer losses, including loss of business opportunities, and, if not enjoined, Defendant will have derived and will continue to unfairly derive income, profits, and business opportunities as a result of its wrongful acts.

29. As the acts alleged herein violate Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), and, as Ciccione has no adequate remedy at law, Ciccione is entitled to injunctive relief, as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117, and

1118, including treble damages, a reasonable attorney's fee, and prejudgment interest pursuant to 15 U.S.C. § 1117(b).

THIRD CLAIM FOR RELIEF
Trademark Infringement in Violation of Massachusetts Law
Mass. Gen. Laws 110H § 12

30. Ciccione incorporates paragraphs 1 through 15 of her Complaint as if fully set forth herein.

31. Ciccione, as the owner of all right, title, and interest in and to the TOTAL HELP Mark has standing to maintain an action for trademark infringement under Mass. Gen. Laws 110H § 12.

32. Defendant, without Ciccione's consent, has used a reproduction, counterfeit, copy, and/or colorable imitation of the TOTAL HELP Mark in connection with the sale, distribution, offering for sale, and/or advertising of Defendants' services in Massachusetts.

33. Defendant, without Ciccione's consent, has reproduced, counterfeited, copied, and/or colorably imitated the TOTAL HELP Mark and has applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles and/or advertisements used upon or in connection with the sale or other distribution of Defendants' services in Massachusetts.

34. Such uses by Defendants are likely to cause confusion, or to cause mistake, and/or to deceive actual and prospective consumers and/or purchasers as to the origin of Defendants' services.

35. Defendant's acts have been committed with knowledge of Ciccione's exclusive rights and goodwill in the TOTAL HELP Mark as well as with bad faith and the intent to cause confusion, or to cause mistake, and/or to deceive.

36. As a result of Defendants' trademark infringement, Ciccione has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to her rights in and to the TOTAL HELP Mark, and the goodwill associated therewith, for which she has no adequate remedy at law.

37. Due to the acts of Defendants, Ciccione has suffered and will continue to suffer losses, including loss of business opportunities, and, if not enjoined, Defendants will have derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts of infringement.

38. As the acts alleged herein constitute infringement of the TOTAL HELP Mark under Mass. Gen. Laws 110H § 12, and, as Ciccione has no adequate remedy at law, Ciccione is entitled to injunctive relief as well as monetary damages and other remedies provided by M.G.L. c. 110H § 13 and 14, including treble damages, a reasonable attorney's fee, and prejudgment interest.

**FOURTH CLAIM FOR RELIEF**
Unfair and Deceptive Acts and Practices
Mass. Gen. Laws ch. 93A

39. Ciccione incorporates paragraphs 1 through 15, 25 and 26 of her Complaint as if fully set forth herein.

40. Ciccione and Defendants are engaged in the conduct of trade and commerce within the meaning of Mass. Gen. Laws ch. 93A.

41. The acts and conduct of Defendants constitutes unfair or deceptive acts and practices within the meaning of Mass. Gen. Laws ch. 93A.

42. By using the name Total Global Help in connection with the sale, offering for sale, and/or advertising of services to the general public, Defendants have intentionally and knowingly violated Ciccione's rights.

43.As a result of Defendants' unfair or deceptive practices, Ciccione has suffered and will continue to suffer substantial and irreparable injury, loss, and damage to her rights in and to the TOTAL HELP Mark, and the goodwill associated therewith, for which she has no adequate remedy at law.

44.Due to the acts of Defendants, Ciccione has suffered and will continue to suffer losses, including loss of business opportunities, and, if not enjoined, Defendants will have derived and will continue to unfairly derive income, profits, and business opportunities as a result of its acts of infringement.

45.As the acts alleged herein constitute infringement of the TOTAL HELP Mark under Mass. Gen. Laws ch. 93A, and, as Ciccione has no adequate remedy at law, Ciccione is entitled to injunctive relief as well as monetary damages and other remedies provided by Mass. Gen. Laws ch. 93A, including treble damages, a reasonable attorney's fee, and prejudgment interest.

**FIFTH CLAIM FOR RELIEF**
Unfair Competition
Massachusetts Common Law

46.Ciccione incorporates paragraphs 1 through 15 of her Complaint as if fully set forth herein.

47.Ciccione owns and enjoys common law rights in the service mark and name TOTAL HELP which are superior to any rights which Defendants may claim to any similar mark or name.

48.Ciccione is informed and believes, and on that basis alleges, that Defendants' use of the name Total Global Help in connection with their advertising is likely to cause confusion and to deceive the public, the trade, and purchasers and prospective purchasers of Defendants' services into believing that Defendants' services originate with and are sponsored by, or otherwise authorized by, Ciccione.

49. Each of Defendants' acts as set forth herein constitute unfair competition.

50. Defendants' acts have been committed willfully and in bad faith and with the intent to cause confusion, and to mislead, and/or to deceive.

51. Ciccione has suffered and, if Defendants are not enjoined from their wrongful acts, Ciccione will continue to suffer substantial and irreparable injury, loss, and damage for which she has no adequate remedy at law.

52. As a result of the wrongful acts of Defendants as alleged herein, Ciccione has suffered and will continue to suffer losses, including loss of business opportunities, and, if not enjoined, Defendant will have derived and will continue to unfairly derive income, profits, and business opportunities as a result of their wrongful acts.

53. As the acts alleged herein constitute violate Massachusetts common law, and, as Ciccione has no adequate remedy at law, Ciccione is entitled to injunctive relief as well as monetary damages and other remedies.

## PRAYER FOR RELIEF

Ciccione respectfully requests the following relief:

1. That the Court rule as follows:

    (a) That Defendants infringed the TOTAL HELP Mark and engaged in unfair competition, and false advertising.

    (b) That Defendants be permanently enjoined, along with their assignees, transferees, employees, distributors, agents and representatives, and all other persons, firms, or entities acting in concert or participating with them, from:

    (i) using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, domain

names or web sites, the TOTAL HELP Mark or any confusingly similar trade name, trademark or service mark;

        (ii)    doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, the trade, or purchasers or prospective purchasers as to the source of Defendants' services, or likely to deceive members of the public, the trade, or purchasers or prospective purchasers of Defendants' services into believing that there is some association, connection or affiliation with and/or sponsorship or approval by Ciccione or her products;

        (iii)    doing or allowing any act or thing which is likely to dilute the TOTAL HELP Mark or otherwise injure Ciccione's business reputation or goodwill; and

        (iv)    engaging in acts of federal, state or common law trademark or trade name infringement, dilution, false advertising, unfair competition, or trade disparagement that would damage or injure Ciccione and/or the TOTAL HELP Mark.

    (c)    That Defendants, pursuant to 15 U.S.C. § 1118, be ordered to deliver up for destruction all labels, signs, prints, packages, wrappers, receptacles, advertisements, and other materials in the possession of Defendants bearing either:

        (i)    the TOTAL HELP Mark or any confusingly similar trademark, service mark, trade name, or domain name, or any colorable imitation thereof, or

        (ii)    any false or misleading description or representation of fact likely to damage Ciccione, along with all plates, molds, matrices and other means of making the foregoing items;

    (d)    That Defendants, pursuant to 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Ciccione within thirty (30) days after service of the injunction a report in

writing under oath setting forth in detail the manner and form in which they have complied with the injunction;

  (e) That Defendants' acts of trademark infringement, false advertising, and acts of unfair competition were knowing and willful;

  (f) That an accounting be ordered of all of the profits realized by Defendants, or others acting in concert or participation with it, from Defendants' unauthorized use of the TOTAL HELP Mark or any confusingly similar trademarks, and acts of unfair competition, false designation of origin, and false advertising; and

  (g) That Defendants account for and pay over to Ciccione all of the profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use of the TOTAL HELP Mark and acts of unfair competition, and false advertising.

  2. As to all claims, that Ciccione be awarded damages in an amount to be ascertained pursuant to applicable laws, including, without limitation, 15 U.S.C. § 1117(a);

  3. As to the first, second, third, fourth, fifth, and ninth claims, that Ciccione be awarded treble damages pursuant to applicable laws, including, without limitation, 15 U.S.C. § 1117(b);

  4. As to the First and Second Claims, that Ciccione be awarded prejudgment interest pursuant to applicable laws, including, without limitation, 15 U.S.C. § 1117(b);

  5. As to all claims, that Ciccione be awarded a reasonable attorney's fee pursuant to applicable laws, including, without limitation, 15 U.S.C. § 1117(b);

  6. As to the First and Second Claims, that Ciccione be awarded Defendants' profits pursuant to applicable laws, including, without limitation, 15 U.S.C. § 1117(a);

7.  As to the Third, Fourth and Fifth Claims, that Ciccione be awarded punitive damages;

8.  As to all claims, that Ciccione recover the costs of this suit; and

9.  That Ciccione be granted such other and further relief as the Court deems just and proper.

Dated: October 23, 2009.

/s/Kevin E. Glory, Esq./
BBO # 672190
Law Offices of Kevin E. Glory & Associates, P.C.
449 Broadway, Ste 8
Everett, MA 02149
Telephone: 617-381-8990

Attorney for Plaintiff